Case 4:13-cv-00225-A Document 19 Filed 08/13/13 Page 1 of 7 PageID 271

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 13 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KENYEN DAMON MOORE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-225-A |
| | § | |
| WILLIAM STEPHENS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Kenyen Damon Moore, a state prisoner currently incarcerated in Gatesville, Texas, against William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

---

[1] Effective June 1, 2013, William Stephens succeeded Rick Thaler as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Director Stephens "is automatically substituted as a party." FED. R. CIV. P. 25(d).

## I. Factual and Procedural History

As noted in his prior federal habeas petition, petitioner is currently serving three 23-year sentences for his 2006 drug related convictions in Tarrant County, Texas, in cause numbers 0966446D, 0948879D, and 0948877D. (Pet. at 2) Petitioner appealed his convictions, but the Second District Court of Appeals of Texas affirmed the trial court's judgments on April 19, 2007. (SHR[2] at 200-07) Petitioner twice filed three motions for extension of time to file petitions for discretionary review in the Texas Court of Criminal Appeals, the last set of which was denied on June 15, 2007. *Texas Courts Online-Court of Criminal Appeals* (Dec. 6, 2012), *available at* http://www.cca.courts.state.tx.us. Petitioner did not file timely petitions.

On April 17, 2008, petitioner filed three state habeas petitions challenging his convictions, which were denied by the Texas Court of Criminal Appeals without written order on October 24, 2012. (SHR at cover, 2) Petitioner filed three federal habeas petitions in this court thereafter on March 7, 2011,[3]

---

[2]"SHR" refers to the court record of petitioner's state habeas application WR-78,212-01.

[3]*See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

2

which were consolidated and subsequently dismissed for want of prosecution on March 22, 2012. *Moore v. Thaler*, Civil Docket for Case #: 4:11-CV-162-A (Consolidate with Nos. 4:11-CV-163-A and 4:11-CV-164-A). This second federal petition challenging the same three convictions was filed on March 13, 2013. (Pet. at 10) Respondent contends the petition it barred by the federal statute of limitations. (Resp't Prel. Resp. at 4-7)

## II. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

>review; or
>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgments of conviction became final by the expiration of the time for seeking direct review. Under Texas law, a petition for discretionary review "is considered to be part of the direct review process, which ends when the petition is denied or when the time available for filing lapses." *Salinas v. Dretke*, 354 F.3d 425, 428 (5th Cir.), *cert. denied*, 541 U.S. 1032 (2004). Therefore, petitioner's convictions became final, at the latest, on June 25, 2007, when the Texas Court of Criminal Appeals denied his motions for further extension of time for filing his petitions for discretionary review, triggering the one-year limitations period, which expired one year later on June 25, 2008, absent any tolling.

4

Petitioner's state habeas applications pending from April 17, 2008, to October 24, 2012, tolled the limitations period under § 2244(d)(2) for 1,652 days, making his petition due on or before January 3, 2013. The period was not however tolled during the pendency of petitioner's first federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Nor has petitioner demonstrated he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Holland v. Florida*, — U.S. — , 130 S. Ct. 2549, 2560 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Thus, a federal habeas petitioner can invoke the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562.

There is no evidence whatsoever in the record that petitioner was prevented in some extraordinary way from asserting his rights in state or federal court. Nor did petitioner reply to respondent's preliminary response within the time allowed or

otherwise assert a reason for his failure to file his petition in a timely manner. It is well settled that a petitioner's unfamiliarity with the legal process, ignorance of the law, lack of knowledge of filing deadlines, and pro se status do not excuse prompt filing. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Petitioner has not set forth any extraordinary circumstances justifying his delay in pursuing state and federal postconviction relief.

Petitioner's federal petition was due on or before January 3, 2013. Accordingly, his petition filed on March 13, 2013, is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner failed to show his petition to be timely and to make

"a substantial showing of the denial of a federal right."

SIGNED August __13__, 2013.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE